IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO WOOL GROWERS ASSOCIATION, AMERICAN SHEEP INDUSTRY ASSOCIATION, PUBLIC LANDS COUNCIL, COLORADO WOOL GROWERS ASSOCIATION, WYOMING WOOL GROWERS ASSOCIATION, CARLSON COMPANY, INC., and SHIRTS BROTHERS SHEEP, <br><br> Plaintiffs, <br><br> v. <br><br> TOM VILSACK, in his official capacity as the Secretary of the United States Department of Agriculture; TOM TIDWELL, in his official capacity as the Chief of the United States Forest Service; KEITH LANNOM, in his official capacity as the Forest Supervisor of the Payette National Forest; and UNITED STATES FOREST SERVICE, <br><br> Defendants. | Case No.  1:12-CV-469-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

The Court has before it a motion to intervene filed by The Wilderness Society,

Western Watersheds Project, and Hells Canyon Preservation Council.  The Court will

refer to them collectively as WWP.  The motion is fully briefed and at issue.  For the

reasons set forth below, the Court will grant the motion.

**LITIGATION BACKGROUND**

About five years ago, WWP sued the Forest Service to enjoin sheep grazing on

**Memorandum Decision & Order - 1**

allotments within the Payette and Nez Perce National Forests.  *See WWP v U.S. Forest*

*Service, CV-07-151-BLW.*  In that lawsuit, WWP claimed that domestic sheep were

spreading a fatal disease to bighorn sheep whose numbers are declining dramatically.

Eventually, as a result of that litigation, grazing was restricted on some allotments,

and the Forest Service proceeded to study the disease transmission issue.  In 2010, the

Forest Service issued its final Record of Decision, requiring closure of certain allotments

over a three year period.  That decision has been challenged from two different angles.

WWP sued the Forest Service for failing to implement that decision.  *See WWP v. U.S.*

*Forest Service, CV-12-286-BLW.*  That action has since been settled, and as the Forest

Service moved to implement their decision, the Idaho Wool Growers and other grazing

interests responded by filing this lawsuit to challenge that decision itself.  WWP now

seeks to intervene in this action.  The Forest Service has no objection but the Idaho Wool

Growers oppose the motion.

## ANALYSIS

Rule 24(a) permits intervention when the following criteria are satisfied:  (1) the

application for intervention must be timely; (2) the applicant must have a "significantly

protectable" interest relating to the property or transaction that is the subject of the action;

(3) the applicant must be so situated that the disposition of the action may, as a practical

matter, impair or impede the applicant's ability to protect that interest; and (4) the

applicant's interest must not be adequately represented by the existing parties in the

lawsuit.  *Southwest Center for Biological Diversity v. Berg,* 268 F.3d 810, 817 (9th Cir.

**Memorandum Decision & Order - 2**

2001).

In general, the Court must construe Rule 24(a) liberally in favor of potential intervenors. *Id.* at 818. Moreover, the Court's evaluation is "guided primarily by practical considerations," not technical distinctions. *Id.* However, "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents,* 587 F.3d 947, 950 (9th Cir.2009).

In this case, the only factor at issue is the fourth: The Idaho Wool Growers argue that WWP's interests are adequately represented by the Forest Service. In addressing this factor, the Court must consider: (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect. *Berg,* 268 F.3d at 822. The prospective intervenor bears the burden of demonstrating that the existing parties may not adequately represent its interest. *Id.* However, the burden of showing inadequacy is "minimal," and the applicant need only show that representation of its interests by existing parties "may be" inadequate. *Id.*

Where the party and the proposed intervenor share the same "ultimate objective," a presumption of adequacy of representation applies. *Freedom From Religion Foundation, Inc. v. Geithner,* 644 F.3d 836, 841 (9th Cir. 2011). Such presumption can be rebutted only by "a compelling showing to the contrary." *Id.*

In two recent cases, the Court has granted intervention after discussing this issue at

**Memorandum Decision & Order - 3**

length.  In *WWP v. Salazar*, 2012 WL 32714 (D.Id. January 6, 2012),the Court allowed

oil and gas drilling operations to intervene in a case that raised the issue of their impact

on the sage grouse, a species granted a "warranted but precluded" listing under the

Endangered Species Act.  In *WWP v U.S. Fish & Wildlife Service*, 2011 WL 2690430

(D.Id. July 9, 2011), the Court allowed grazing interests, among others, to intervene in a

case that raised issues regarding their impacts on the sage grouse.  In both cases, the

Court found that the existing parties did not adequately represent the proposed

intervenors.

The same is true here.  While the Idaho Wool Growers argue that the Forest

Service will adequately represent the interests of WWP, the litigation history behind this

very case belies any notion that they share a common interest.  The controversy that

culminated in this lawsuit began when WWP sued the Forest Service about five years ago

to restrict grazing, and it continued when WWP sued them again just last year to force the

agency to implement its decision to restrict grazing.  WWP's interest in restricting

grazing is far more sweeping and focused than the Forest Service, an agency with a

statutory mandate to consider many different interests.  And while it might appear at first

glance that they have a common objective in this case – upholding the Forest Service's

decision – their history suggests that WWP might pursue certain arguments with more

vigor if they result in broader or more severe restrictions on grazing.  In other words, each

is pursuing its own agenda, and they are sufficiently different that the Court cannot find

that they seek the same outcome.

**Memorandum Decision & Order - 4**

Accordingly, under the case law cited above, WWP need only make a "minimal" showing that it is not adequately protected by the Forest Service.  WWP has made that showing, and the Court will therefore grant the motion to intervene.

While the Court is granting intervention as of right, the Court is concerned about the "piling-on" effect of adding three more parties to join the Forest Service against the Idaho Wool Growers and other plaintiffs.  The Court will require counsel for the intervenors to take special efforts to ensure that their briefing and arguments are not redundant with those of the Forest Service, and that page limitations are not bypassed through the splitting up of arguments.

Specifically, there is a briefing schedule in this case concerning a motion to expand the administrative record.  The Court will allow intervenors to file a response brief, limited to 3 pages, on or before February 27, 2013.  The plaintiffs will be allowed to file a reply brief, limited to 2 pages, to the intervenors' brief on or before March 6, 2013.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to intervene (docket no. 9) is GRANTED, and that The Wilderness Society, Western Watersheds Project, and Hells Canyon Preservation Council are granted the right to intervene pursuant to Rule 24(a)(2).

IT IS FURTHER ORDERED, that with regard to the pending motion to expand the

**Memorandum Decision & Order - 5**

administrative record (docket no. 26), the intervenors may file a response brief, limited to 3

pages, on or before February 27, 2013.  The plaintiffs may file a reply brief, limited to 2

pages, to the intervenors' brief on or before March 6, 2013.



DATED:  **February 21, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 6**