IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO WOOL GROWERS ASSOCIATION, AMERICAN SHEEP INDUSTRY ASSOCIATION, PUBLIC LANDS COUNCIL, COLORADO WOOL GROWERS ASSOCIATION, WYOMING WOOL GROWERS ASSOCIATION, CARLSON COMPANY, INC., and SHIRTS BROTHERS SHEEP,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOM VILSACK, in his official capacity as the Secretary of the United States Department of Agriculture; TOM TIDWELL, in his official capacity as the Chief of the United States Forest Service; KEITH LANNOM, in his official capacity as the Forest Supervisor of the Payette National Forest; and UNITED STATES FOREST SERVICE,<br><br>    Defendants. | Case No.  1:12-CV-469-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion by plaintiffs (referred to collectively as Idaho Wool Growers) to expand the administrative record. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion.

## LITIGATION BACKGROUND

About five years ago, WWP sued the Forest Service to enjoin sheep grazing on

allotments within the Payette and Nez Perce National Forests.  *See WWP v U.S. Forest Service, CV-07-151-BLW*.  In that lawsuit, WWP claimed that domestic sheep were spreading a fatal disease to bighorn sheep whose numbers are declining dramatically.

Eventually, as a result of that litigation, grazing was restricted on some allotments, and the Forest Service proceeded to study the disease transmission issue.  In 2010, the Forest Service issued its final Record of Decision, requiring closure of certain allotments over a three year period.

When the Forest Service failed to fully implement that decision, WWP sued the agency to force it to act.  *See WWP v. U.S. Forest Service, CV-12-286-BLW*.  That action was settled when the Forest Service agreed to implement its decision.

When the Forest Service moved to close the allotments, the Idaho Wool Growers responded by filing this lawsuit to challenge the agency's decision under the Administrative Procedures Act (APA).  The Court later allowed WWP to intervene.

The Idaho Wool Growers have now filed a motion to expand the administrative record.  They want to obtain declarations, and offer live testimony, of two Government scientists and a professor.  The government scientists are Drs. Donald P. Knowles and Margaret A. Highland.  Drs. Knowles and Highland are employed by the U.S. Department of Agriculture (USDA), Agricultural Research Service (ARS).  ARS serves as the USDA's chief scientific in-house research agency.  Dr. Knowles is a veterinary medical officer.  He heads the ARS Animal Disease Research Unit in Pullman, Washington.  Dr. Highland is an ARS veterinarian.  Idaho Wool Growers also seek

**Memorandum Decision & Order - 2**

testimony from Dr. Mark C. Thurmond, a Professor Emeritus in veterinary epidemiology at the University of California, Davis.

The Idaho Wool Growers seek this testimony to show that the Forest Service failed to consider all relevant factors when it decided to close certain allotments. More specifically, the evidence will show, they allege, that the Forest Service failed to consider flaws in the modeling it used to estimate the risk of contact between domestic sheep and the bighorn sheep.

## ANALYSIS

A court can discern an agency's compliance with the APA's standards, as a general rule, by looking only at the administrative record. *See Nw. Envtl. Advocates v. Nat'l Marine Fisheries Serv.*, 460 F.3d 1125, 1144 (9th Cir. 2006). Nevertheless, a reviewing court may look beyond the administrative record for the limited purposes of ascertaining whether the agency considered all the relevant factors or fully explained its decision. *Center for Biological Diversity v. BLM*, 698 F.3d 1101, 1123 at n. 14 (9th Cir. 2012).

That exception applies here. The Idaho Wool Growers seek this evidence to show that the Forest Service failed to consider all relevant factors – specifically, that it failed to consider flaws in its modeling. An expanded record is often necessary to show an agency omission, particularly when the omission involves a technical issue: "It will often be impossible, especially when highly technical matters are involved, for the court to determine whether the agency took into consideration all relevant factors unless it looks

**Memorandum Decision & Order - 3**

outside the record to determine what matters the agency should have considered but did not." *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir.1980).

The Court finds that the exception discussed in *Asarco* applies here. The Forest Service argues, however, that opposing counsel will need to have ex parte contacts with the two agency scientists to prepare their declarations or testimony, and that such contacts are improper. But counsel for the Idaho Wool Growers resolved that issue by representing that no ex parte contact will occur.

The Forest Service argues that its regulations prohibit its own employees from testifying against the agency. There is, however, an exception for court-ordered testimony. *See* 7 C.F.R. § 1.216(b)(1). This decision will trigger that exception.

The Court will therefore grant the motion to expand the record to include testimony from Drs. Donald P. Knowles, Margaret A. Highland, and Mark C. Thurmond. The Court will allow the Idaho Wool Growers to submit declarations from each of these three witnesses. However, the Court has not yet determined if an evidentiary hearing will be necessary and so will reserve ruling on whether it will allow live testimony from these witnesses.

Finally, allowing these three witnesses opens the door to rebuttal testimony from Forest Service and the intervenors. True rebuttal testimony is limited to responding to the testimony of the three witnesses.

# ORDER

In accordance with the Memorandum Decision set forth above,

**Memorandum Decision & Order - 4**

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to expand the administrative record (docket no. 26) is GRANTED and the Court shall allow the plaintiffs to submit declarations from Drs. Donald P. Knowles, Margaret A. Highland, and Mark C. Thurmond.



DATED:  **March 25, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 5**